**Wayne EVANS, Petitioner—Appellant,**

**v.**

Dora B. SCHRIRO; * et al., Respondents— Appellees.

No. 05–15840.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.**

Filed July 13, 2007.

Wayne Evans, Tucson, AZ, pro se.

Consuelo Marie Ohanesian, Karla Hotis Delord, Esq., AGAZ–Office of the Arizona Attorney General, Phoenix, AZ, for Respondents–Appellees.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

MEMORANDUM ***

Arizona state prisoner Wayne Evans appeals *pro se* from the district court's judgment denying his habeas petition under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review *de novo*, *Turney v. Pugh*, 400 F.3d 1197, 1199 (9th Cir.2005), and we affirm.

---

* Dora B. Schriro is substituted for her predecessor, Terry Stewart, as Director of the Arizona Department of Corrections, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Evans's request for oral argument is denied.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ Evans contends that the approximately 27–month delay between his indictment and the beginning of his trial violated his Sixth Amendment right to a speedy trial. The Arizona Court of Appeals identified and balanced the four factors set forth in *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and determined that there was no violation of Evans's speedy-trial right. After reviewing the record, we cannot say that this conclusion was an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d)(1).

■ Furthermore, Rule 8 of the Arizona Rules of Criminal Procedure affords Evans no relief in these federal habeas corpus proceedings. *See Lewis v. Jeffers,* 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."). Nor does the federal Speedy Trial Act, because Evans was not charged with violating federal law. *See United States v. Benitez,* 34 F.3d 1489, 1493 (9th Cir.1994).

Because we conclude that Evans is not entitled to relief on his Sixth Amendment speedy trial claim, we decline his invitation to remand this case for an evidentiary hearing. *See Schriro v. Landrigan,* —— U.S. ——, 127 S.Ct. 1933, 1944, 167 L.Ed.2d 836 (2007). Evans's request for leave to amend is denied.

**AFFIRMED.**